IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH BENNS,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH OFFICE OF CRIME VICTIM REPARATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR COUNSEL<br><br>Case No. 2:10-CV-1242 TS |

Plaintiff Elizabeth Benns has filed a *pro se* complaint alleging employment discrimination in violation of the Americans With Disabilities Act[1] and Title VII of the Civil Rights Act of 1964, as amended,[2] and the Civil Rights Act of 1991.[3] Plaintiff now moves for appointment of counsel.

---

[1] 42 U.S.C. § 12112.

[2] 42 U.S.C. § 2000 et seq.

[3] Pub. L. 102-166.

1

Plaintiff has no constitutional right to counsel.[4] However, the Court may in its discretion appoint counsel for indigent plaintiffs.[5] "The burden is upon the applicant to convince the court that there is sufficient merit to [her] claim to warrant the appointment of counsel."[6]

When deciding whether to appoint counsel, this Court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[7] Considering the above factors, the Court concludes here that, on initial review, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel. It is hereby

ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 5) is DENIED WITHOUT PREJUDICE

DATED   December 22, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[5] *See* 28 U.S.C. § 1915(e)(1).

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.