IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH BENNS,<br><br>　Plaintiff,<br><br>vs.<br><br>UTAH OFFICE OF CRIME VICTIM REPARATION,<br><br>　Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br><br><br>Case No. 2:10-CV-1242 TS |

This matter is before the Court on Plaintiff's Motion for Reconsideration.[1] Plaintiff asks the Court to vacate its prior order closing this case because Plaintiff failed to respond to an order to show cause.[2]

I.  BACKGROUND

Plaintiff filed a *pro se* complaint alleging employment discrimination in violation of the Americans With Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended, and

---

[1]Docket No. 12.

[2]Docket No. 11.

1

the Civil Rights Act of 1991. The Court issued an Order to Show Cause on August 17, 2011. Plaintiff failed to respond, and her case was dismissed on September 13, 2011. Plaintiff filed a Motion for Reconsideration on October 5, 2011.

Plaintiff supports her request with evidence offered to prove that she was unemployed, homeless, pursuing three law suits without the assistance of counsel, and trying to attend school at the University of Utah all during the time period in which she was asked by this Court to show cause why her case should not be dismissed.

## II. DISCUSSION

Under Fed.R.Civ.Pro. (6)(b)(1), a court is authorized to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertance, surprise, or excusable neglect." The Court will construe Plaintiff's motion as a request to vacate its dismissal order because of excusable neglect.

"The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. Relevant factors include the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. [F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[3]

---

[3] *Jennings v. Rivers*, 394 F.3d 850, 856-57 (10th Cir. 2005) (internal quotations marks and citations omitted).

Plaintiff has indicated that she was homeless, unemployed, without means, and under immense stress during the period in which she was required to respond to the Court's order to show cause. The Court also received a letter from a psychologist indicating that, as a result of her circumstances, Plaintiff suffers from post-traumatic stress disorder. The Court is sympathetic to Plaintiff's plight, but cannot find that Plaintiff's neglect was excusable based on the mere fact that her circumstances were hard. If her difficult circumstances, which are seemingly beyond her control, caused her to neglect her case, then the Court might be able to find that the delay was not her fault. But without some particularized showing of how her situation made it impracticable for her to complete the tasks necessary to her litigation, the Court cannot find that Plaintiff's circumstances caused her failure to respond to the order to show cause. Many litigants are stressed out, prey to emotional trauma, and without means. To have a final judgment set aside, Plaintiff must show that her stressors put her into a state that rendered her uniquely unable to proceed, despite her knowledge that action was required. Otherwise, the Court must hold that the delay, although understandable in light of the circumstances, was Plaintiff's fault and not excusable. Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 12) is DENIED.

DATED November 1, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge