IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH BENNS,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>UTAH OFFICE OF CRIME VICTIM REPARATION,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR RECONSIDERATION<br><br><br><br><br><br>Case No. 2:10-CV-1242 TS |

This matter is before the Court on Plaintiff's Motion to Appeal Dismissing Case.[1] Plaintiff asks the Court to vacate its prior order closing this case because Plaintiff failed to respond to an order to show cause.[2]

I. BACKGROUND

Plaintiff filed a *pro se* complaint alleging employment discrimination in violation of the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended, and

---

[1]Docket No. 12.

[2]Docket No. 11.

1

the Civil Rights Act of 1991. The Court issued an Order to Show Cause on August 17, 2011. Plaintiff failed to respond, and her case was dismissed on September 13, 2011. Plaintiff filed a Motion for Reconsideration on October 5, 2011, alleging that she was unable to comply with the Order to Show Cause because she was "homeless, unemployed, without means, and under immense stress," and suffering from post traumatic stress disorder during the period in which she was required to respond to the Court's Order to Show Cause.[3]

In its Order on the Motion, the Court stated that it was

> sympathetic to Plaintiff's plight, but cannot find that Plaintiff's neglect was excusable based on the mere fact that her circumstances were hard. If her difficult circumstances, which are seemingly beyond her control, caused her to neglect her case, then the Court might be able to find that the delay was not her fault. But without some particularized showing of how her situation made it impracticable for her to complete the tasks necessary to her litigation, the Court cannot find that Plaintiff's circumstances caused her failure to respond to the order to show cause. Many litigants are stressed out, prey to emotional trauma, and without means. To have a final judgment set aside, Plaintiff must show that her stressors put her into a state that rendered her uniquely unable to proceed, despite her knowledge that action was required. Otherwise, the Court must hold that the delay, although understandable in light of the circumstances, was Plaintiff's fault and not excusable.[4]

Plaintiff has now filed a renewed motion to reconsider in which she has attempted to remedy this flaw.

## II.  DISCUSSION

Under Fed. R. Civ. P. 60(b)(1), a court is authorized to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertance, surprise, or excusable neglect."

---

[3]Docket No. 13, at 3.

[4]*Id.*

2

The Court will construe Plaintiff's Motion, as it did previously, as a request to vacate its dismissal order because of excusable neglect.

> The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. Relevant factors include the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. [F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.[5]

In this renewed Motion, Plaintiff states that she was hospitalized the first week of August 2011 due to chronic depression, anxiety, ADHD, and PTSD, and that, for the same reasons, she was rendered unable to complete the tasks required during the critical period.

The Court would note that its Order to Show Cause issued August 17, and Plaintiff's case was not dismissed until September 13. The Court appreciates that Plaintiff may have been in a weakened state of mental health after her release from the hospital. However, the Court simply cannot accept that these obstacles made Plaintiff completely unable, during the entire period between August 17 and September 13, to write a few lines about her intentions to proceed in this matter and see them delivered to the Court. Where what was required of Plaintiff was so minimal, her burden for proving that she was unable to perform the task is quite high, and she has not met it here. Accordingly, the Court will deny Plaintiff's renewed Motion to Reconsider.

---

[5]*Jennings v. Rivers*, 394 F.3d 850, 856-57 (10th Cir. 2005) (internal quotations marks and citations omitted).

It is therefore

ORDERED that Plaintiff's Motion to Appeal Dismissing Case (Docket No. 15) is DENIED.

DATED   April 26, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge